IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-MJ-2184

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| JONATHAN DE LA CRUZ-REYES, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial[1]. The government presented the testimony of an agent with Homeland Security Investigations. Defendant presented the testimony of the proposed third-party custodian, his brother-in-law. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required. The government's motion is therefore GRANTED.

### Background

Defendant was charged by criminal complaint on 29 August 2014 with: aggravated identity theft and eluding examination and inspection by immigration officials on 3 May 2011 and 27 August 2014 in violation of 18 U.S.C. §1028A(a)(1) and 8 U.S.C. §1325(a)(2). The evidence presented at the hearing showed that defendant is an alien, a citizen of Mexico, unlawfully in the United States. In 2006, he purchased the Social Security card and birth

---

[1] With consent of counsel, the detention hearing was combined with the preliminary hearing in this case. Prior to reaching the issue of detention, the court ruled that the government had established probable cause for the charges against defendant.

certificate of a United States citizen living in Texas for $1,800, and adopted this person's identity in obtaining a North Carolina learner's permit and driver's license. On 3 May 2011, defendant used this person's identifiers in an employment eligibility form (I-9 form), falsely indicating that he was a United States citizen. On 27 August 2014, authorities encountered defendant when he was being released from the Wayne County detention center. He was arrested on the instant charges on 2 September 2014.

The persons whose identity defendant adopted suffered financial and other harms as a result. Defendant has admitted to authorities the misconduct alleged.

## Discussion

The principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the deceptive nature of the offenses charged; the circumstances of the offenses charged, including defendant's knowing use of another person's identity over an extended period and his unlawful status in the United States; the pendency of an ICE detainer against defendant; the prospect defendant faces of removal from the United States after service of a term of imprisonment; the unsuitability of the proposed third-party custodial arrangement due to the proposed custodian's regular absence from the home for full-time work, his acquiescence for years in defendant's use of the false identity, and the extent of the risk of flight presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's lack of a serious criminal record, his cooperation with authorities, and his expressed remorse over the alleged harms to the victim of his identity theft. It finds, however, that the factors favoring detention outweigh such evidence.

**Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 5th day of September 2014.

James E. Gates
United States Magistrate Judge